[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10528
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00906-VEH


KYRA CARVER,

Plaintiff - Appellant,

versus

CITY OF PELL CITY, ALABAMA,
CHIEF GREGORY DEAN TURLEY,
OFFICER FRANKLIN GREEN,
OFFICER RICHARD WOOD,
OFFICER JAMES LEO JONES,
individually and in their respective capacities
as police officers of the City of Pell City, Alabama,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 20, 2015)

Before MARTIN, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff Kyra Carver brought this action for damages pursuant to 42 U.S.C. § 1983 and the Alabama common law against defendants City of Pell City, Chief of Police Gregory Dean Turley, Officer Franklin Green, Officer Richard Woods, and Officer James Leo Jones.  Chief Turley and Officers Green, Woods, and Jones were sued in their individual and official capacities.  Carver's complaint asserted claims arising from her May 16, 2011 arrest for the purchase of pseudoephedrine. After numerous submissions by the parties, the district court granted a motion for summary judgment filed by defendants.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Construing the evidence in the light most favorable to Carver, we conclude that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law.  The pharmacy logs obtained by defendants provided them with probable cause to arrest Carver using de minimis force, to incarcerate her until she made bail, and to prosecute her for the crime of purchasing excessive amounts of pseudoephedrine.

At the time defendants arrested Carver they did not know that she had an affirmative defense, but as soon as her affirmative defense became known to them, they dismissed the charges and explained to her employer that she had committed no crime.[1]  Accordingly, we affirm the district court's grant of summary judgment in favor of defendants based upon our conclusion that there is no liability under the undisputed facts of this case and for the reasons set forth in the district court's thorough and well-reasoned Memorandum Opinion filed on January 8, 2015.

AFFIRMED.

---

[1] Carver's affirmative defense was that a certain amount of the pseudoephedrine she purchased was for children's Sudafed.  Because Alabama law then exempted purchases for children's medication, Ala. Code § 20-2-190(c)(4) (2009), the prosecutors dismissed the charges against her.